[Cite as *State v. Hardman*, 2012-Ohio-2453.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO

      Plaintiff-Appellee

-vs-

HOLLIE HARDMAN

      Defendant-Appellant

JUDGES:
Hon. Patricia A. Delaney, P.J.
Hon. William B. Hoffman, J.
Hon. Julie A. Edwards, J.

Case No. 11CAA110107

O P I N I O N

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Delaware County Court of Common Pleas, Case No. 11CR-I-09-0471 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY | May 31, 2012 |

APPEARANCES:

For Plaintiff-Appellee

For Defendant-Appellant

CAROL HAMILTON O'BRIEN
Prosecuting Attorney
ERIC C. PENKAL
Assistant Proseucting Attorney
140 N. Sandusky Street 3rd Floor
Delaware, Ohio 43015

LINDA KENDRICK
79 North Sandusky Street
Delaware, Ohio 43015

*Hoffman, J.*

{¶1} Defendant-appellant Hollie Hardman appeals his conviction entered by the Delaware County Court of Common Pleas. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} On August 4, 2011, a Dark Blue H3 Hummer SUV vehicle was reported stolen to the Delaware City Police Department. Early that same morning, Clifford Hubbard, Sr. contacted the Delaware Police Department to report an individual criminally damaging his yard with a large, dark SUV. Appellant lived with Hubbard at the time of the incident.

{¶3} Later the same day, Officer Madden of the Delaware Police Department spoke with Appellant regarding the incident.

{¶4} Appellant responded he was not involved with driving the SUV before Officer Madden had an opportunity to question him regarding the incident.

{¶5} Later in the afternoon, Appellant was seen by Officer Willauer of the Delaware Police Department driving the stolen vehicle, after a license plate search confirmed the identification of the vehicle. Upon being seen by the officer, Appellant left the vehicle in a driveway, and fled on foot. Appellant was then apprehended by law enforcement with Gregory Houston, Jr.

{¶6} Appellant was indicted on one count of receiving stolen property, in violation of R.C. 2913.51(A), a fourth degree felony. Following a jury trial, Appellant was convicted of the charge, and sentenced to eighteen months in prison.

{¶7} Appellant now appeals, assigning as error:

{¶8} "I. THE DEFENDANT WAS DENIED DUE PROCESS BECAUSE A MATERIAL WITNESS WAS NOT PRESENT TO TESTIFY AT TRAIL [SIC].

{¶9} "II. THE DEFENDANT WAS DENIED DUE PROCESS BECAUSE HE DID NOT RECEIVE EFFECTIVE ASSISTANCE OF COUNSEL.

{¶10} "III. DEFENDANTS CONVICYION [SIC] WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

I & II.

{¶11} Appellant's first and second assignments of error raise common and interrelated issues; therefore, we will address the arguments together.

{¶12} Appellant asserts he was denied the effective assistance of counsel and the right to a fair trial as his trial counsel failed to secure the trial testimony of a material witness.  Specifically, Appellant argues his trial counsel failed to secure the trial testimony of Gregory Houston, Jr.  The prosecution had filed a subpoena for Gregory Houston, Jr. to appear as a witness at trial.  Houston was also listed as a witness in the trial brief filed by the State.  However, the State decided not to call Houston as a witness at trial, and Appellant's counsel had not subpoenaed him to appear.  Nor did trial counsel move the trial court for a continuance to secure Houston's testimony.

{¶13} The standard for ineffective assistance of counsel is set out in *State v. Bradley* (1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus, certiorari denied (1990), 497 U.S. 1011. Appellant must establish the following:

{¶14} "2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's

performance. *(State v. Lytle* [1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; *Strickland v. Washington* [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)

**{¶15}** "3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."

**{¶16}** Appellant cites Section 10, Article I of the Ohio Constitution which provides an accused shall have compulsory process to procure the attendance of witnesses in his behalf. Appellant asserts he was denied his right to present Houston, a material witness, to establish his defense, because his defense counsel was aware the witness had been subpoenaed by the State and erroneously presumed the witness would be available for him to question. Further, counsel failed to request a continuance once it was learned Houston was not to be presented as a witness by the prosecution. Appellant maintains Houston was a material witness as he was in the vehicle when it was observed by Officer Willauer, and he would have shed light on the facts and Appellant's knowledge as to whether the vehicle was stolen.

**{¶17}** Appellant's right to compulsory process does not include the right to have the State locate or call witnesses on his behalf. *Lancaster v. Green,* 175 Ohio St.203, (1963). Appellant speculates Houston's testimony would have supported his defense but there is no record evidence to support this speculation. Appellant has not demonstrated there exists a reasonable probability the outcome of the trial would have been otherwise but for counsel's alleged error. Accordingly, the first and second assignments of error are overruled.

III.

**{¶18}** In the third assignment of error, Appellant asserts his conviction for receiving stolen property is against the manifest weight of the evidence.

**{¶19}** On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin* (1983), 20 Ohio App.3d 172, 175. See also, *State v. Thompkins,* 78 Ohio St.3d 380, 1997–Ohio–52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175.

**{¶20}** Appellant was convicted of one count of receiving stolen property, in violation of R.C. 2913.51(A), which reads:

**{¶21}** "(A) No person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense."

**{¶22}** In this case, there was ample evidence to support Appellant's conviction. A vehicle was reported damaging property at the residence where Appellant lived, and the vehicle matched the description of the vehicle reported stolen. Later the same day, Officer Willauer of the Delaware Police Department observed Appellant driving the stolen vehicle. When Appellant saw law enforcement, he ditched the stolen vehicle along the side of the road, and fled the scene. When questioned by the police, Appellant gave several inconsistent stories, and incriminated his passenger Houston.

**{¶23}**  Based upon the above, we find Appellant's conviction for receiving stolen property is not against the manifest weight of the evidence, and the jury did not lose its way in convicting Appellant of the charge.  The third assignment of error is overruled.

**{¶24}**  Appellant's conviction entered by the Delaware County Court of Common Pleas is affirmed.

By: Hoffman, J.

Delaney, P.J.  and

Edwards, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Patricia A. Delaney _____
HON. PATRICIA A. DELANEY


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
|    Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| HOLLIE HARDMAN | : | |
| | : | |
|    Defendant-Appellant | : | Case No. 11CAA110107 |

For the reasons stated in our accompanying Opinion, Appellant's conviction entered by the Delaware County Court of Common Pleas is affirmed.   Costs to Appellant.


s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Patricia A. Delaney _____
HON. PATRICIA A. DELANEY


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS